IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

UNITED STATES OF AMERICA　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY

V.　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 1:17-CV-151-SA-DAS

AN EASEMENT AND RIGHT-OF-WAY
OVER .14 ACRE OF LAND, MORE OR LESS,
IN OKTIBBEHA COUNTY, MISSISSIPPI,
and LYDIA RANDLE, *et al*.　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

SUMMARY JUDGMENT AND ORDER DISBURSING FUNDS

For the reasons set forth in the memorandum opinion issued this day, the Court ORDERS that the United States' Motion [27] for Summary Judgment is GRANTED. The Court finds that $950 is fair and just compensation for the easement and right-of-way acquired by the United States in this action.

It is further ORDERED that:

1. Defendant Daniel James Sharp shall recover from the Plaintiff $118.75 for said Defendant's 1/8th interest in the easement and right-of-way described in Attachment 1 to the Declaration of Taking [2-1].

2. The Clerk of this Court is authorized and directed to draw a check on the funds deposited in the registry of this Court in this action in the amount of $118.75, plus any accrued interest thereon less the applicable registry fee, payable to Daniel James Sharp and to mail said check to his address on file.

3. Defendant Lou Marie Randle shall recover from the Plaintiff $118.75 for said Defendant's 1/8th interest in the easement and right-of-way described in Attachment 1 to the Declaration of Taking [2-1].

4. The Clerk of this Court is authorized and directed to draw a check on the funds deposited in the registry of this Court in this action in the amount of $118.75, plus any accrued interest thereon less the applicable registry fee, payable to Lou Marie Randle and to mail said check to her address on file.

5. Defendant A.B. Sharp shall recover from the Plaintiff $118.75 for said Defendant's 1/8th interest in the easement and right-of-way described in Attachment 1 to the Declaration of Taking [2-1].

6. The Clerk of this Court is authorized and directed to draw a check on the funds deposited in the registry of this Court in this action in the amount of $118.75, plus any accrued interest thereon less the applicable registry fee, payable to A.B. Sharp and to mail said check to his or her address on file.

7. Defendant Cheryl Tennial shall recover from the Plaintiff $39.59 for said Defendant's 1/24th interest in the easement and right-of-way described in Attachment 1 to the Declaration of Taking [2-1].

8. The Clerk of this Court is authorized and directed to draw a check on the funds deposited in the registry of this Court in this action in the amount of $39.59, plus any accrued interest thereon less the applicable registry fee, payable to Cheryl Tennial and to mail said check to her address on file.

9. Defendant Carrie J. Webster shall recover from the Plaintiff $39.59 for said Defendant's 1/24th interest in the easement and right-of-way described in Attachment 1 to the Declaration of Taking [2-1].

10. The Clerk of this Court is authorized and directed to draw a check on the funds deposited in the registry of this Court in this action in the amount of $39.59, plus any accrued interest thereon

less the applicable registry fee, payable to Carrie J. Webster and to mail said check to her address on file.

11. Defendant Marcus Harrell shall recover from the Plaintiff $39.59 for said Defendant's 1/24th interest in the easement and right-of-way described in Attachment 1 to the Declaration of Taking [2-1].

12. The Clerk of this Court is authorized and directed to draw a check on the funds deposited in the registry of this Court in this action in the amount of $39.59, plus any accrued interest thereon less the applicable registry fee, payable to Marcus Harrell and to mail said check to his address on file.

13. Defendant Lydia Randle shall recover from the Plaintiff $29.68 for said Defendant's 1/32nd interest in the easement and right-of-way described in Attachment 1 to the Declaration of Taking [2-1].

14. The Clerk of this Court is authorized and directed to draw a check on the funds deposited in the registry of this Court in this action in the amount of $29.68, plus any accrued interest thereon less the applicable registry fee, payable to Lydia Randle and to mail said check to her address on file.

15. Defendant Laurie Randle shall recover from the Plaintiff $29.68 for said Defendant's 1/32nd interest in the easement and right-of-way described in Attachment 1 to the Declaration of Taking [2-1].

16. The Clerk of this Court is authorized and directed to draw a check on the funds deposited in the registry of this Court in this action in the amount of $29.68, plus any accrued interest thereon less the applicable registry fee, payable to Laurie Randle and to mail said check to her address on file.

17. Defendant Lynn Randle shall recover from the Plaintiff $29.68 for said Defendant's 1/32nd interest in the easement and right-of-way described in Attachment 1 to the Declaration of Taking [2-1].

18. The Clerk of this Court is authorized and directed to draw a check on the funds deposited in the registry of this Court in this action in the amount of $29.68, plus any accrued interest thereon less the applicable registry fee, payable to Lynn Randle and to mail said check to her address on file.

19. Defendant Harry Randle shall recover from the Plaintiff $29.68 for said Defendant's 1/32nd interest in the easement and right-of-way described in Attachment 1 to the Declaration of Taking [2-1].

20. The Clerk of this Court is authorized and directed to draw a check on the funds deposited in the registry of this Court in this action in the amount of $29.68, plus any accrued interest thereon less the applicable registry fee, payable to Harry Randle and to mail said check to his address on file.

21. Defendant James Hill shall recover from the Plaintiff $29.68 for said Defendant's 1/32nd interest in the easement and right-of-way described in Attachment 1 to the Declaration of Taking [2-1].

22. The Clerk of this Court is authorized and directed to draw a check on the funds deposited in the registry of this Court in this action in the amount of $29.68, plus any accrued interest thereon less the applicable registry fee, payable to James Hill and to mail said check to his address on file.

23. Defendant Travis Hill shall recover from the Plaintiff $29.68 for said Defendant's 1/32nd interest in the easement and right-of-way described in Attachment 1 to the Declaration of Taking [2-1].

24. The Clerk of this Court is authorized and directed to draw a check on the funds deposited in the registry of this Court in this action in the amount of $29.68, plus any accrued interest thereon less the applicable registry fee, payable to Travis Hill and to mail said check to his address on file.

25. Defendant Charles Hill shall recover from the Plaintiff $29.68 for said Defendant's 1/32nd interest in the easement and right-of-way described in Attachment 1 to the Declaration of Taking [2-1].

26. The Clerk of this Court is authorized and directed to draw a check on the funds deposited in the registry of this Court in this action in the amount of $29.68, plus any accrued interest thereon less the applicable registry fee, payable to Charles Hill and to mail said check to his address on file.

27. Defendant Ann Marie Hill shall recover from the Plaintiff $29.68 for said Defendant's 1/32nd interest in the easement and right-of-way described in Attachment 1 to the Declaration of Taking [2-1].

28. The Clerk of this Court is authorized and directed to draw a check on the funds deposited in the registry of this Court in this action in the amount of $29.68, plus any accrued interest thereon less the applicable registry fee, payable to Ann Marie Hill and to mail said check to her address on file.

29. The vesting of title in the United States of America, free of all liens, claims, and encumbrances, as evidenced by the Declaration of Taking [2] filed in this action on September 22, 2017, is hereby fully and finally confirmed with respect to the easement and right-of-way described below, said description being the same as in Attachment 1 to the Declaration of Taking [2-1] filed herein:

> A permanent easement and right-of-way, consisting of the perpetual right to enter and to erect, maintain, repair, rebuild, operate, and patrol lines of transmission line

structures with sufficient wires and cables for electric power circuits and communication circuits, and all necessary appurtenances, in, on, over, and across said right-of-way, together with the perpetual right to clear said right-of-way and keep the same clear of structures (including but not limited to flagpoles, solar panels, buildings, signboards, billboards), trees, brush, stored personal property, and fire hazards, to destroy or otherwise dispose of such trees and brush; to prevent the drilling or sinking of wells within the right-of-way; and to remove, destroy, or otherwise dispose of any trees located beyond the limits of said right-of-way which in falling could come within five feet of any transmission line structure or conductor located thereon, the Tennessee Valley Authority to remain liable for any direct physical damage to the land and annual growing crops resulting directly from the operations of the construction and maintenance forces of its agents and employees in the erection and maintenance of or in exercising a right of ingress and egress to said transmission line structures, all upon, under, over, and across the following-described land:

TRACT NO. SPHTB-43

A parcel of land located in Section 19, Township 18 North, Range 14 East, Oktibbeha County, State of Mississippi, as shown on a map entitled "Starkville – Philadelphia 161-kV Transmission Line Tap to Bluefield," drawing LW-5579, sheet 5C, R.1 and sheet 5D, R.3, reduced scale copies of which are attached to the Declaration of Taking filed herein, the said parcel being more particularly described as follows:

Commencing at the northwest corner of Section 19, Township 18 North, Range 14 East, and the northeast corner of Section 24, Township 18 North, Range 13 East (as shown on drawing LW-5579, Sheet 5C, R.2); thence leaving said corner and with the west line of Section 19, Township 18 North, Range 14 East, and the east line of Section 24, Township 18 North, Range 13 East, S. 0° 00' 00" W., 1,323.11 feet to a point, said point being on the centerline of the said location at survey station 295+00.79; thence leaving said point and continuing with said centerline S. 40° 29; 52" E., 1,747.21 feet to a point, and said point being in the property line common between the lands of Lydia Randle, et al., and Alvin Jackson, et ux., said point being on the centerline of the said location at survey station 312+48.00, said point being the Point of Beginning.

Thence from the Point of Beginning and with said property line N. 0° 00' 00" E., 76.99 feet to a point, said point being in the northeast right-of-way line of said location; thence leaving said point and with said right-of-way line S. 40° 29' 53" E., 79.10 feet to a point, said point being 55.07 feet left of survey station 312+91.62; thence leaving said point and with said right-of-way line N. 89° 57' 36" E., 146.63 feet to a point, said point being in the east property line of the land of Lydia Randle, et al., and in the west property line of the land of Annette Evans, et al. (SPHTB-44); thence leaving said point and with said property line S. 0° 00' 00" W., 22.85 feet to a point, said point being the northwest corner of the northeast 1/4 of the southwest 1/4 of Section 19, Township 18 North, Range 14 East, said point being a property corner common between the lands of Lydia Randle, et al., Annette

Evans, et al. (SPHTB-44), Marjorie K. Malone, and Alvin Jackson, et ux., said point being 27.15 feet left of survey station 314+61.31; thence leaving said point and with the south property line of the land of Lydia Randle, et al., and a north property line of the land of Alvin Jackson, et ux., N. 90° 00' 00" W., 192.96 feet to a point, said point being on said centerline at survey station 312+55.76; thence leaving said point and with said property line N. 90° 00' 00" W., 5.04 feet to a point, said point being a property corner common between the lands of Lydia Randle, et al., and Alvin Jackson, et ux., said point being 3.84 feet right of survey station 312+52.49; thence leaving said point and with the west property line of the land of Lydia Randle, et al., and an east property line of the land of Alvin Jackson, et ux., N. 00° 00' 00" E., 5.91 feet to the point of Beginning and containing 0.14 acre of land, more or less.

The above-described parcel of land is lying entirely in the Northwest 1/4 of the Southwest 1/4 of Section 19, Township 18 North, Range 14 East of Oktibbeha County, State of Mississippi.

30. This case is CLOSED.

It is SO ORDERED, on this the 4th day of March, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE