IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY

V.                                                                CIVIL ACTION NO. 1:17-CV-151-SA-DAS

AN EASEMENT AND RIGHT-OF-WAY
OVER .14 ACRE OF LAND, MORE OR LESS,
IN OKTIBBEHA COUNTY, MISSISSIPPI,
and LYDIA RANDLE, *et al*.                                                            DEFENDANTS

MEMORANDUM OPINION

On September 22, 2017, the United States of America filed this eminent domain action to acquire an easement and right-of-way over .14 acres of land against sixteen Defendants with varying potential interests in the land. Now before the Court is the United States' Motion [27] for Summary Judgment. The Defendants failed to file a response, making this issue ripe for review.

*Background*

The United States of America seeks an easement and right-of-way over .14 acres of land located in Oktibbeha County, Mississippi for the use of the Tennessee Valley Authority ("TVA"), through eminent domain. The United States identified sixteen individual Defendants with varying potential interests in the property, along with a Declaration of Taking [2] and Notice of Condemnation [3]. The Declaration of Taking states that the easement and right-of-way are to be used for the operation and maintenance of electric power transmission circuits and communication circuits. The United States personally served five Defendants with the Complaint, Declaration of Taking, and Notice of Condemnation. The United States served the remaining eleven Defendants by publication.

One Defendant, Lydia Randle, filed an answer contesting the persons identified as Defendant landowners, but does not contest the taking or the estimated just compensation. Defendants Charles D. Johnson and Charles Sharp each settled with the United States and this Court entered orders settling the interest of and disbursing funds to those defendants. The remaining thirteen Defendants did not file an answer, make a jury demand, or otherwise respond to or appear in this action.

On September 25, 2017, the United States filed its Motion [5] for Entry of an Order of Immediate Possession. On February 7, 2018, this Court entered an Order granting TVA immediate possession of the easement and right-of-way pursuant to Title 40 United States Code Sections 3114-3118.

Now before the Court is the United States' Motion [27] for Summary Judgment. The United States asks this Court to determine the amount of compensation due to the remaining fourteen Defendants and distribute the funds accordingly.

*Summary Judgment Standard in Eminent Domain Cases*

"In an action involving eminent domain under federal law, the court tries all issues, including compensation, except when compensation must be determined . . . by a jury when a party demands one within the time to answer[.]" FED. R. CIV. P. 71.1(h). In this case, none of the sixteen Defendants demanded a jury trial, contested the taking, or contested the United States' valuation of just compensation. While Lydia Randle filed an answer, she did not demand a jury trial or contest the compensation.[1] Therefore, this Court may decide the issue of compensation. *See id.; United States ex. rel Tennessee Valley Auth. v. An Easement and Right-of-Way Over 0.05 Acre of Land, More or Less, in Oktibbeha County, Miss.*, No. 1:17-CV-14-GHD, 2019 WL 267911, *1

---

[1] Defendant Lydia Randle filed an Answer [18] that generally contests the persons listed as Defendant landowners and states that "some of the persons you have listed . . . are unknown to me."

(N.D. Miss. Jan 18, 2019) (relying on Federal Rule of Civil Procedure 71.1(h) when finding that the court may decide the issue of compensation after no defendant demanded a jury trial).

Summary judgment is appropriate in an eminent domain proceeding "under Rule 56 when there is no genuine dispute as to any material fact." *United States ex rel. Tennessee Valley Auth. v. An Easement and Right-of-Way Over 0.03 Acre of Land, More or Less, in Oktibbeha County, Miss.*, No. 1:17-CV-152-GHD, 2019 WL 267881, at *1 (N.D. Miss. Jan. 18, 2019) (citing *Transwestern Pipeline Co. LLC v. 46.78 Acres of Permanent Easement Located in Maricopa County*, 473 F. Appx. 778, 779 (9th Cir. 2012)). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). "The party moving for summary judgment bears the burden of identifying the portions of the record that demonstrate the absence of a genuine issue of material fact." *James v. Woods*, 899 F.3d, 404, 407 (5th Cir. 2018). "[T]he nonmovant must then point to or produce specific facts demonstrating that there is a genuine issue of material fact." *Id.*

*Analysis and Discussion*

The Fifth Amendment protects private property against takings for public use "without just compensation." U.S. CONST. amend. V. The term "just compensation" typically means the fair market value of the property on the date of the taking. *United States v. 564.54 Acres of Land*, 441 U.S. 506, 511-12, 514, 99 S. Ct. 1854, 60 L. Ed. 2d 435 (1979). In cases where the United States takes an easement, just compensation is calculated by "the difference between the market value of that tract before and after the taking." *United States v. 8.41 Acres of Land*, 680 F.2d 388, 392 (5th Cir. 1982).

"When the moving party presents an appraisal by a credentialed property appraiser and the non-moving party does not contest it, that moving party is entitled to judgment as a matter of law." *United States ex rel. Tennessee Valley Auth. v. Tree-Removal Rights with Respect to land in McNairy County, Tenn.*, No. 15-1008, 2015 WL 5499434, *3 (W.D. Tenn. Sept. 16, 2015) (granting summary judgment in eminent domain proceeding on the issue of compensation). Here, the United States submitted the declaration of Ivan Antal, a Mississippi certified general property appraiser and TVA's Manager of Real Property Transactions, to support its estimate of $950 for just compensation for the easement and right-of-way. According to the record, Antal reviewed two restricted use appraisal reports which indicated fair market values of the easement and right-of-way of $450 and $925, respectively. The United States subsequently determined that the fair market value for the easement and right-of-way is $950.

Summary judgment is appropriate here because the Defendants failed to dispute the United States' valuation of just compensation. *See United States ex rel. Tennessee Valley Auth.*, 2019 WL 267881, *3 (granting summary judgment after defendants "failed to appear or failed to provide competent evidence to dispute that valuation"); *United States for Use of Tennessee Valley Auth. v. Tree Removal Rights with Respect to Land in Marshall County, Miss.*, No. 3:17-CV-128-DMB, 2018 WL 6072008, *2 (N.D. Miss. Nov. 19, 2018) (granting summary judgment "in the absence of any evidence showing the inadequacy of TVA's valuation method or evidence establishing a different value for the taken property"). The Fifth Circuit has also affirmed the use of summary judgment to determine just compensation in a condemnation proceeding. *See Bibb County. v. United States*, 249 F.2d 228, 228, 232 (5th Cir. 1957). For these reasons, the Court finds that the United States carried its initial burden in demonstrating that $950 is fair and just compensation for the easement and right-of-way.

None of the sixteen Defendants contested the taking or the United States' valuation of just compensation. Because the Defendants failed to provide any evidence to dispute the taking or the United States' valuation of just compensation, the Defendants failed to meet their burden of demonstrating that a genuine issue of material fact exists. *See United States ex rel. Tennessee Valley Auth.*, 2019 WL 267881, *3 (finding defendants failed to meet summary judgment burden because they failed to appear or provide competent evidence to dispute valuation); *United States for Use of Tennessee Valley Auth.*, 2018 6072008, *2 (finding defendant failed to meet summary judgment burden "in the absence of any evidence showing the inadequacy of TVA's valuation method or evidence establishing a different value for the taken property"). The Court finds that, based upon the United States' undisputed evidence, $950 is a fair and just compensation for the easement and right-of-way sought. *See United States ex rel. Tennessee Valley Auth.*, 2019 WL 267881, *3 (finding $1,000 to be fair and just compensation based on the United States' undisputed evidence). The Court also finds that, after accounting for the settling Defendants, each remaining Defendant should be awarded based on their respective interests in the land as follows:

| Owner | Fractional Interest | Amount |
|---|---|---|
| Daniel James Sharp | 1/8 | $118.75 |
| Lou Marie Randle | 1/8 | $118.75 |
| A.B. Sharp | 1/8 | $118.75 |
| Cheryl Tennial | 1/24 | $39.59 |
| Carrie J. Webster | 1/24 | $39.59 |
| Marcus Harrell | 1/24 | $39.59 |
| Lydia Randle | 1/32 | $29.68 |
| Laurie Randle | 1/32 | $29.68 |
| Lynn Randle | 1/32 | $29.68 |
| Harry Randle | 1/32 | $29.68 |
| James Hill | 1/32 | $29.68 |

| | | |
|---|---|---|
| Travis Hill | 1/32 | $29.68 |
| Charles Hill | 1/32 | $29.68 |
| Ann Marie Hill | 1/32 | $29.68 |
| Total | 3/4 | $712.50[2] |

*Conclusion*

For all of the reasons fully explained above, the Court finds that there is no genuine issue of material fact as to the amount of just compensation for the easement and right-of-way acquired and the United States' Motion [27] for Summary Judgment is GRANTED. The Defendants are awarded an apportioned amount based on their fractional interests in the land as indicated above.

An order in accordance with this memorandum opinion shall issue.

It is SO ORDERED, on this the 4th day of March, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[2] The remaining 1/4 interest or $237.50 is accounted for by Defendants Charles D. Johnson and Charles Sharp who each possessed a 1/8 interest in the easement and right-of-way, which they settled for $375.00 each.